UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
BIBI KHAN

              Plaintiff,

  -against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

             Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2: 18-cv-1037-FB

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER J. BOWES, ESQ.
54 Cobblestone Drive
Shoreham, New York 11786

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: RACHEL G. BALABAN, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

     Bibi Khan seeks review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the reasons stated below, Khan's motion is granted, the Commissioner's motion is denied, and

1

the case is remanded for reevaluation of Khan's residual functional capacity ("RFC").

I

The facts are briefly summarized as follows. Khan, a former detective at the New York City Police Department, was diagnosed with chronic lymphocytic leukemia ("CLL") in December 2013. She filed for DIB in August 2014. She was treated by Dr. Kanti Rai. He noted that she was experiencing fatigue that seemed out of proportion to the severity of her CLL. Dr. Rai opined that she could complete only one or two hours of work daily, though he also stated that her ECOG[1] Performance Status was 0, meaning that she was "[f]ully active, able to carry on all pre-disease performance without restriction." AR 334. The Commissioner ordered a consultative examination by Dr. Evelyn Wolf, who reported that Khan had CLL and experienced fatigue, resulting in moderate limitations in walking, standing, climbing, and lifting. The Commissioner also had a non-examining physician, Dr. Bernard Gussoff, answer interrogatories interpreting the evidence. He opined that Khan could perform light work and had mild fatigue. Two state agency medical

---

[1] ECOG stands for the Eastern Cooperative Oncology Group. An ECOG status describes the extent to which an individual with a disease can carry out daily activities.

consultants reviewed Khan's medical records and stated that she could sit and stand/walk for six hours in an eight-hour day. They also said that she could lift 10 pounds frequently and 20 pounds occasionally.

Following a hearing, Administrative Law Judge ("ALJ") April M. Wexler determined that Khan could perform light work, including lifting 20 pounds occasionally and 10 pounds frequently, and that she could sit and stand/walk for six hours in an eight-hour day. Accordingly, the ALJ found Khan not disabled. In her opinion, the ALJ gave little weight to Dr. Rai's opinions, because of inconsistencies in his treatment notes, good weight to Dr. Wolf's opinion, and great weight to Dr. Gussoff's opinion. She did not mention the medical consultants.

## II

### A. The Treating Physician Rule

Under the treating physician rule, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight'" so long as it is supported by medical diagnostic techniques and not inconsistent with the record. *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). When ALJs do not give treating physicians' opinions controlling weight, they must provide "good reasons." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). An

ALJ also cannot substitute his or her own "view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Further, "[i]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative duty to seek out more information from the treating physician." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (citation omitted). But an ALJ need not give controlling weight to a treating physician's opinion on issues reserved to the Commissioner, such as a claimant's RFC or ability to work. 20 C.F.R. § 404.1527(d)(2)–(3).

Here, though the ALJ did not need to give controlling weight to Dr. Rai's opinion that Khan was unable to work, the ALJ erred by not giving controlling weight to Dr. Rai's opinion that Khan suffered from severe fatigue. The only reason the ALJ gave was that Dr. Rai's opinion was inconsistent with this treatment notes: he gave Khan an ECOG Performance Status of 0 but also opined that she "cannot lift and carry more than five pounds, cannot stand and walk for even an hour total . . . and cannot sit for more than four hours total." AR 17. If the ALJ believed that there were inconsistencies in Dr. Rai's treatment notes, she had an affirmative duty to seek more information from him. *See Rosa*, 168 F.3d at 79. Accordingly, the ALJ erred in evaluating Dr. Rai's medical opinion evidence.

### B. RFC Unsupported by Substantial Evidence

To do light work, a claimant must, among other things. be able to stand or walk "for a total of approximately six hours of an eight-hour workday." *Latham v. Heckler*, 635 F. Supp. 378, 380 (E.D.N.Y. 1986). Therefore, in assessing a claimant's RFC, an ALJ should rely on specific medical evidence regarding the claimant's ability to stand and walk. *See Beckles v. Barnhart*, 340 F. Supp. 2d 285, 290 (E.D.N.Y. 2004). An ALJ cannot rely on the opinion of a medical consultant who is not a doctor. *See id.*

Here, the ALJ's RFC is not supported by specific medical evidence showing that Khan could sit and stand/walk for the periods of time that the ALJ concluded she could. Though Dr. Gussoff, stated that Khan could perform light work, he did not specifically opine that she could walk, sit, or stand for the required periods of time. Only the state agency medical consultants, R. Scott and W. Wells, stated that Khan could sit and stand/walk for six hours in a workday, as the RFC states she can. The record does not demonstrate that they are doctors, and the ALJ did not explain the weight given to their opinions. Accordingly, substantial evidence does not support the ALJ's RFC determination.

## C. Remand

The Court remands this case for further development of the record and reconsideration of Khan's RFC. The ALJ should: (1) seek more information from Dr. Rai regarding the supposed inconsistencies in his treatment and examination notes; (2) reconsider the weight given to Dr. Rai's opinion evidence and, if necessary, provide good reasons for not giving it controlling weight; (3) as needed, obtain additional, specific testimony and medical opinions regarding Khan's RFC; and (4) conduct an additional hearing receiving and considering this new evidence. The ALJ should be mindful that any medical opinions must be retrospective to the period between December 8, 2013, and December 31, 2018.

## III

Khan's motion is GRANTED, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

/s/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 20, 2019